Filed 12/13/22  P. v. Toliver CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANDRE TOLIVER,<br><br>     Defendant and Appellant. | A163874<br><br>(Alameda County<br>Super. Ct. No. 76457C) |

When he was a minor in the early 1980s, appellant Andre Toliver was convicted in adult court of second degree murder. He served and completed that sentence. In 2003, he was convicted of additional felonies, and his sentence for those crimes was increased as a result of the prior murder conviction. He is currently serving that sentence.

Toliver petitioned to have his murder conviction vacated under subsequently enacted statutory authority. The trial court granted the petition and reduced the conviction to attempted robbery. In this appeal, Toliver argues that upon vacating his murder conviction, the court should have referred him to juvenile court to determine whether he should have been prosecuted there. The Attorney General concedes that the case should

have been referred to juvenile court. We accept the concession and remand the matter for further proceedings.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In 1982, when he was 16 years old, Toliver and two codefendants were charged with first degree murder and attempted robbery (Pen. Code, §§ 187, 211)[1] with arming allegations on both counts (§ 12022, subd. (a)) in connection with the shooting death of cab driver. Toliver was charged in adult court.[2] Following a preliminary hearing, Toliver in 1983 pleaded guilty to second degree murder, admitted to the arming allegation, and was committed to the Youth Authority for 15 years to life. He was released in the late 1980s because juvenile-court jurisdiction expired when he turned 25.

In 2003, Toliver was convicted of six counts of second degree robbery (§§ 211, 212.5, subd. (c)), with enhancements for being personally armed with a firearm during five of the offenses (§ 12022.53, subd. (b)). His base terms for the robbery convictions were doubled because of the prior strike, and he received a five-year enhancement because the prior conviction was a serious felony, for a total sentence of 45 years and four months. He is currently serving the prison term for these convictions.

Two subsequent changes to the law are implicated in this appeal. First, in 2016, voters enacted Proposition 57, "a measure that amended the

---

[1] All statutory references are to the Penal Code.

[2] The November 1982 form minute order remanding Toliver to adult court has a box checked next to the statement "Minor is ____ a FIT and PROPER subject to be dealt with under the juvenile court law. (707 W&I)." Although on the same form there is a handwritten entry stating, "Minor remanded to adult court," Toliver contends there is an "apparent conflict" between the checked statement and Toliver's transfer to adult court.

law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court. Adjudicating these offenses in juvenile court typically results in less severe punishment for the juvenile offender." (*People v. Padilla* (2022) 13 Cal.5th 152, 158.)

Second, on January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) became effective and altered liability for murder under the theories of felony murder and natural and probable consequences. (*People v. Cooper* (2022) 77 Cal.App.5th 393, 398.)

Shortly after the bill became effective, Toliver filed a petition for relief (section 1170.95 petition) from his murder conviction under part of the newly enacted legislation that permits defendants to petition to have their murder convictions vacated and to be resentenced. (Former § 1170.95, now § 1172.6.) The trial court appointed counsel.

The district attorney's office at first argued that Toliver was not entitled to relief. But it eventually acknowledged that it could not prove beyond a reasonable doubt that Toliver was a major participant in the 1982 murder who acted with reckless indifference when he participated in the attempted robbery that led to the murder. In a memorandum addressing what relief should be granted, Toliver argued, among other things, that the granting of his section 1170.95 petition would require the trial court to then return the matter to the juvenile court for a disposition hearing and further proceedings. Our Supreme Court has since confirmed that where the conviction of a juvenile defendant who was tried as an adult is later vacated and thus is no longer final, Proposition 57 applies to resentencing. (*People v. Padilla, supra*, 13 Cal.5th at pp. 159, 170.) That means that the defendant

3

must receive a transfer hearing in juvenile court, "where the court will decide whether criminal adjudication is appropriate." (*Id.* at p. 170.)

At the hearing on Toliver's section 1170.95 petition, the trial court found that a prima facie case had been made, issued an order to show cause, accepted the prosecutor's concession, vacated the 1983 murder conviction, and replaced it with a conviction for attempted robbery. The court imposed the upper term of three years for attempted robbery, added a consecutive year for the finding that Toliver was armed with a firearm (§ 12022, subd. (a)), for a total sentence of four years. Because of the passage of time, the court ordered no period of parole and deemed the sentence to have been served. No mention was made of returning the case to the juvenile court.

## II.
### DISCUSSION

Toliver argues that (1) the trial court had a sua sponte duty to remand him to the juvenile court for a transfer hearing (*People v. Padilla, supra,* 13 Cal.5th at pp. 159, 170), (2) if there was no sua sponte duty to order a transfer hearing, his trial attorney was ineffective for not requesting one, and (3) even if he was not entitled to a transfer hearing, the trial court erred in imposing the upper term on his conviction for attempted robbery. The Attorney General concedes that counsel was ineffective for failing to request a transfer hearing and agrees that the case should be remanded for further proceedings in the juvenile court.

Toliver relies primarily on *People v. Montes* (2021) 70 Cal.App.5th 35. There, a defendant who had been sentenced as a juvenile to life without the possibility of parole (LWOP) petitioned to recall his sentence. (*Id.* at pp. 38–39.) The trial court granted the petition, recalled the sentence, and then resentenced him to LWOP. (*Id.* at p. 39.) The appellate court held that once the trial court recalled the defendant's sentence, it had a sua sponte duty to

4

transfer the matter to the juvenile court for a transfer/fitness hearing under Proposition 57. (*Ibid.*) The court thus conditionally reversed the judgment and remanded to the trial court with directions to refer the case to the juvenile court "to determine if it would have transferred the case to adult criminal court had it originally been filed in the juvenile court in accordance with current law." (*Id.* at p. 49; see also *People v. Padilla, supra,* 13 Cal.5th at p. 170 [after sentence vacated, the defendant "must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate"].)

The Attorney General disagrees that the trial court had a sua sponte duty to refer Toliver to juvenile court for a transfer hearing. But he agrees that Toliver was entitled to the benefit of Proposition 57 and that the matter should be remanded, based on the theory that Toliver's trial attorney was ineffective for not requesting such a hearing.

We need not decide whether counsel was ineffective for failing to request a transfer hearing at the hearing on Toliver's section 1170.95 petition. Even if counsel forfeited the issue, this court retains discretion to reach a question that has not been preserved for appellate review. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; *People v. Anderson* (1994) 26 Cal.App.4th 1241, 1249 [appellate court may determine whether defendant's substantial rights will be affected by asserted error and, if so, may consider merits if error occurred even if defendant failed to object in trial court].)

As there is no dispute that the case should be remanded so that Toliver may receive a transfer hearing in the juvenile court under Proposition 57, we agree that this is the appropriate remedy. In light of this conclusion, we need

not consider Toliver's alternative argument, that the trial court erred in imposing the upper term for his attempted robbery conviction.

## III.
### DISPOSITION

The judgment is conditionally reversed, and the matter is remanded to the trial court with directions to refer the case to the juvenile court for a transfer/fitness hearing to determine whether it would have transferred the case to adult criminal court had it originally been filed in the juvenile court under current law. (See *People v. Montes, supra,* 70 Cal.App.5th at p. 49.)

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.

*People v. Toliver*  A163874

7